# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY GAUTREAUX,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2987** |
| **TASSIN INTERNATIONAL, INC., et al.,**<br>    Defendants | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion to remand[1] filed by plaintiff Gary Gautreaux ("Gautreaux"). For the reasons set forth below, Gautreaux's motion to remand is denied.

## BACKGROUND

On June 5, 2007, Gautreaux suffered injuries while working for defendant Tassin International, Inc. ("Tassin").[2] Gautreaux claims that, while loading a marsh buggy owned by Tassin onto a barge owned by Tassin, a broken window latch on the marsh buggy caused a window to fall and strike Gautreaux in the head and neck.[3] Gautreaux filed suit against Tassin in the 25th Judicial Court for the Parish of Plaquemines, Louisiana (the "25th JDC"), on June 5, 2008.[4] In his petition for damages, Gautreaux claimed his injuries occurred while he was in scope of his employment with Tassin, that he was, at the time of the injury, a seaman under the Jones Act, and that Tassin's negligence was the cause of his injuries.[5] Gautreaux asserts causes of action under the Jones Act, 46 U.S.C. § 688, the Longshore and

---

[1] R. Doc. 5.

[2] *See* R. Doc. 1 (Notice of removal).

[3] *See* R. Doc. 1-2 at pp. 1-4 (Gautreaux's petition for damages).

[4] *Id.*

[5] *Id.*

1

Harbor Workers' Compensation Act (the "LHWCA"), 33 U.S.C. § 901, *et seq.*, and the general maritime law.[6] Gautreaux also asserted Tassin's marsh buggy was unseaworthy at the time of his accident.[7]

On June 6, 2008, Gautreaux filed a first amended petition for damages to clarify the Tassin entity against whom he was bringing his claims.[8] On September 13, 2012, Gautreaux filed a second amended petition for damages in the 25th JDC, adding two new defendants: (1) Certain Underwriters at Lloyd's London subscribing to policy number 5296 M 3553931 ("Certain Underwriters"); and (2) American Interstate Insurance Company ("ACIC").[9] In this second amended petition, Gautreaux alleged Certain Underwriters and ACIC were Tassin's insurers at the time of the accident, and were thus solidarily liable to Gautreaux for Tassin's negligence.[10] On October 23, 2012, Gautreaux voluntarily dismissed his claims against Certain Underwriters without prejudice.[11]

On October 30, 2012, ACIC filed a cross claim against Certain Underwriters.[12] In this cross claim, ACIC claims, *inter alia*, that ACIC is owed reimbursement of costs incurred in defending Tassin as of that date, regardless of Tassin's liability, and is owed reimbursement going forward in the event Tassin is found liable to Gautreaux.[13] Both of ACIC's cross

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at pp. 5-6.

[9] *Id.* at pp. 9-11.

[10] *Id.*

[11] *Id.* at pp. 12-13.

[12] *Id.* at pp. 16-18.

[13] *Id.*

claims are premised on ACIC's assertion that Tassin's maritime employer's liability insurance policy with Certain Underwriters provides that Certain Underwriters is responsible for insuring against the kinds of claims asserted in Gautreaux's petition.[14]

On December 17, 2012, Various Underwriters subscribing severally to Maritime Employers Liability Policy No. 5269 M3553931 ("MEL Underwriters") removed the entire state court action to this Court.[15] In its Notice of Removal, MEL Underwriters explains that it, and not Certain Underwriters, is the correct party defendant for ACIC's cross claim. In removing the action to this Court, MEL Underwriters contends that, pursuant to a provision in the MEL Underwriters' policy that forms the basis for ACIC's cross claim, any dispute involving the policy is to be "governed by English law and practice" and submitted to arbitration in London, which arbitration is to be "conducted pursuant to the English High Court of Justice." MEL Underwriters argues this "Osprey Law and Practice" arbitration clause constitutes an arbitration agreement falling under the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), which is codified at 9 U.S.C. § 201, *et seq.* (the "Convention Act"), and that ACIC's cross claim and all Gautreaux's claims relate to the arbitration agreement, thus rendering this entire case removable.

## ANALYSIS

### I.     Motion to Remand Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The

---

[14] *Id.*

[15] R. Doc. 1.

removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted). In order to determine whether jurisdiction exists, the federal court considers the claims in the state court pleadings as they existed at the time of removal. *See id.* Any doubt as to whether removal jurisdiction is proper is generally resolved in favor of remand because removal statutes are usually strictly construed. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## II. The Convention

The Convention was ratified in 1970 "to secure for United States citizens predictable enforcement by foreign governments of certain arbitral contracts and awards made in this and other signatory nations." *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-1208 (5th Cir. 1991) (citations omitted). "Congress promulgated the Convention Act in 1970 to establish procedures for [the federal] courts [of the United States] to implement the Convention." *Id.* To ensure that Convention Act cases are litigated in the federal courts, Congress added provisions to the Convention Act "giving the federal district courts original and removal jurisdiction over cases related to arbitration agreements falling under the Convention." *Acosta v. Master Maint. and Constr., Inc.*, 452 F.3d 373, 375 (5th Cir. 2006).

According to MEL Underwriters, the Convention Act's removal provision, 9 U.S.C. § 205, provides the mechanism by which Gautreaux's entire state court action could be removed to this Court.[16] The removal provision provides as follows:

---

[16] The Convention Act's original jurisdiction provision, 9 U.S.C. § 203, states that an "action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," thus vesting the federal district courts with original jurisdiction over actions falling under the Convention "regardless of the amount in controversy." The original jurisdiction provision is not directly at issue in this case, but will be discussed in some detail in this Order.

4

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205. With this removal provision, "Congress sought unity in the application of the Convention 'by channeling Convention Act cases into federal courts.'" *Lannes v. Operators Intern.*, No. 04-584, 2004 WL 2984327, at *3 (E.D. La. Dec. 20, 2004) (Africk, J.) (quoting *McDermott*, 944 F.2d at 1213). This removal provision is "one of the broadest removal provisions . . . in the statute books." *Acosta*, 452 F.3d at 277 (citing *McDermott*, 944 F.2d 1207-08).

In *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), the Fifth Circuit interpreted the Convention Act's broad removal provision to mean that "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 671. The court in *Beiser* examined the existence of removal jurisdiction in a case in which an arbitration agreement falling under the Convention was between a defendant and a non-signatory. *Id.* at 666. In this context, the Fifth Circuit employed a broad interpretation of the term "relates to" contained in § 205, explaining that "whenever an arbitration agreement falling under the Convention could "conceivably" affect the outcome of the plaintiff's case, the agreement

5

"relates to" to the plaintiff's suit."[17] *Id.* at 661.  Accordingly, removal in a Convention Act case is proper if the removing defendant establishes two things: (1) the arbitration agreement at issue "falls under the Convention"; and (2) the state court litigation "relates to" the arbitration agreement.  *Acosta*, 452 F.3d at 377.

The parties all seem to agree the arbitration agreement between MEL Underwriters and ACIC falls under the Convention.  The parties also seem to agree that ACIC's cross claim against MEL Underwriters relates to that agreement.  As a result, for purposes of this Order, the Court assumes the arbitration agreement falls under the Convention and ACIC's cross claim against MEL Underwriters relates to the arbitration agreement.  Instead, the parties' disagreements are whether Gautreaux's claims against Tassin and ACIC also relate to the arbitration agreement, such that those claims are removable under the terms of the Convention, and, if those claims are removable, whether the Court should nevertheless exercise its discretion and remand those claims while retaining jurisdiction over the cross claim.  The Court now turns to these issues.

### III.  Removal Was Proper

Gautreaux's claims against Tassin and ACIC arise, at least in part, under the Jones Act.  It is well settled that civil actions arising under the Jones Act are generally not removable.  *See* 28 U.S.C. § 1445(a); *Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 356 (5th

---

[17] In reaching this conclusion, the *Beiser* court explained that because § 205 allows the district court to assess its jurisdiction from the pleadings alone, it must be cautious not to "conflate the jurisdictional and merits inquiries into a single step," *id.* at 670, and this definition allows for a determination of jurisdiction from the petition for removal itself while keeping the jurisdictional and merits inquiries separate. *Id.* at 671. Thus, "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id.* The *Beiser* court held that plaintiff's state action was properly removed to federal court because defendant's argument that plaintiff himself may have been bound by the arbitration agreement, and his state suit subject to mandatory arbitration, was not a frivolous argument. *Id.* at 675.

Cir. 1999), *cert. denied*, 528 U.S. 1155 (2000); *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995). Notwithstanding this general rule, MEL Underwriters and ACIC argue the Convention trumps and thus Gautreaux's otherwise non-removable Jones Act claims were properly removed because those Jones Act claims relate to the arbitration agreement. According to MEL Underwriters and ACIC, the otherwise non-removable Jones Act claims were removable in this case pursuant to 28 U.S.C. 1441(c). The 2008 version of § 1441(c) read as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2008).[18] MEL Underwriters and ACIC argue that because ACIC's cross claim falls under the Court's original jurisdiction, *see* 9 U.S.C. § 203, and is separate and independent from Gautreaux's Jones Act claims, the Jones Act claims were removable alongside the independently removable cross claim.

At least two courts in this district have been faced with the issue of whether § 1445(a) serves as a bar to removal of a plaintiff's Jones Act claims in a Convention Act case commenced prior to the effective date of the Jurisdiction Act. *See Roser v. Belle of New Orleans, LLC*, No. 03-1248, 2003 WL 22174282, at *2-3 (E.D. La. Sept. 12, 2003)

---

[18] The current version of 28 U.S.C. § 1441(c) does not contain the "separate and independent" language contained in previous versions of the statute. However, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Jurisdiction Act"), which removed that language from the statute, applies only to actions commenced on or after January 6, 2012. Pub. L. No. 112–63, 125 Stat. 758, 764. Because this action was commenced in state court on June 5, 2008, *see* R. Doc. 1-2, the amendments contained in the Jurisdiction Act do not apply to this case. Instead, the 2008 version of § 1441 applies. *See, e.g., Cohn v. Charles*, 857 F. Supp. 2d 544, 546 n. 1 (D. Md. 2012).

(Engelhardt, J.); *Lannes*, 2004 WL 2984327, at *8. In both *Roser* and *Lannes*, it was determined that in certain situations, the general rule that Jones Act claims are non-removable is trumped by 28 U.S.C. § 1441(c), which provides for the removal of otherwise non-removable claims that have been joined with removable claims. *Roser*, 2003 WL 22174282, at *2-3; *Lannes*, 2004 WL 2984327, at *8. In *Lannes*, Judge Africk adopted Judge Engelhardt's conclusion that "if the prerequisites to § 1441(c)'s application are met, § 1445(a) [does] not bar removal" of otherwise non-removable Jones Act claims. 2004 WL 2984327, at *8 (quoting *Roser*, 22174282, at *3). Judge Africk adopted the four reasons given by Judge Engelhardt in *Roser* for this proposition. As described by Judge Africk, these four reasons are:

> First . . . the Fifth Circuit has held that the statutory bar to removal in § 1445(a) could be waived because it is not strictly jurisdictional. . . . Second, while [Judge Engelhardt noted] the question has not been definitively resolved in this circuit, [Judge Engelhardt] cited authorities suggesting that the existence of a separate and independent federal question claim within § 1441(c) may permit the removal of claims not independently removable because of § 1445(a). . . . Third, [Judge Engelhardt] noted that the statutory language of § 1441(c) explicitly permits removal of otherwise non-removable claims when joined with a "separate and independent" federal question claim. . . Fourth, [Judge Engelhardt] reasoned that the language of § 1441(c), unlike the language of § 1441(a), did not contain any limiting language suggesting that removal pursuant to § 1441(c) was subject to removal restrictions contained in other statutes.

*Lannes*, 2004 WL 2984327, at *8 (internal citations and quotation marks omitted). This Court also finds Judge Engelhardt's reasoning persuasive and agrees that § 1445(a) does not bar removal if the prerequisites for the application of § 1441(c) are met. As a result, the Court must determine whether those prerequisites are met and ascertain whether ACIC's

8

removable cross claim is separate and independent of Gautreaux's generally non-removable Jones Act claims.

"[A] federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case." *State of Tex. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998), *cert. denied*, 525 U.S. 1101 (1999). "In *Carl Heck* [*Eng'rs v. LaFourche Parish Police Jury,* 622 F.2d 133 (5th Cir. 1980)]; the Fifth Circuit defined a separate and independent claim as 'not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered.'" *Liberty Mut. Ins. Co. v. Nat'l R.R. Passenger Corp.*, Nos. 06-0265, 06-1886, 06-1888, 2006 WL 2228948, at *3 (E.D. La. Aug. 2, 2006) (quoting *Carl Heck*, 622 F.2d at 136). In the context of indemnity claims, Judge Engelhardt explained, in *Roser*, that "third party indemnity claims are *not* 'separate and independent' when they are premised on an allegation that the third party defendant's conduct caused the plaintiff's injuries," *Roser*, 2003 WL 22174282, at *5 (citing *In re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir. 1989)) (emphasis in original), but, "on the other hand, a third party claim that seeks indemnity based on a separate obligation owed to the defendant, such as a contractual indemnity obligation, is a separate and independent claim." *Id.*; *see also Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 (5th Cir. 1992); *Carl Heck*, 622 F.2d at 136; *Ballard v. Ill. Cent. R.R. Co.*, 338 F. Supp. 2d 712, 714-15 (S.D. Miss. 2004). The distinction described by Judge Engelhardt in the context of third party claims also applies to cross claims of the kind asserted by ACIC in this case. *See Lannes*, 2004 WL 2984327, at *9 n. 29.

ACIC argues its cross claim for defense and indemnity is a "separate and

9

independent" claim for purposes of § 1441(c), thus allowing MEL Underwriters to remove the entirety of Gautreaux's state court action, including his Jones Act personal injury claims, to federal court. The Court agrees. ACIC's cross claim is premised on ACIC's and MEL Underwriters' respective coverage, indemnity, and reimbursement obligations pursuant to the insurance agreement between ACIC and MEL Underwriters, while Gautreaux's claims are based upon the alleged negligence of Tassin. While he asserts claims against ACIC and MEL Underwriters, Gautreaux does not allege ACIC or MEL Underwriters caused his injuries.

      This case presents essentially the same situation as that faced by Judge Africk in *Lannes*, with a plaintiff asserting Jones Act claims against his employer and one of the employer's insurers asserting a cross claim for defense and indemnity against another of the employer's insurers. In *Lannes*, Judge Africk determined the cross claim "involve[d] more than the violation of a 'single primary right' or 'redress for one legal wrong,'" because the plaintiff's personal injury claims were premised on a violation of the plaintiff's "primary right" to bodily safety while the insurer's cross claim sought redress for the other insurer's "second and distinct legal wrong" in failing to provide defense and indemnity. *Lannes*, 2004 WL 2984327, at *9. In reaching this conclusion, Judge Africk stated that, even though the cross claim was not "wholly unrelated" to the plaintiff's claims, the cross claim was "sufficiently independent from plaintiff's Jones Act and general maritime negligence claims to permit the removal of the entire action pursuant to § 1441(c) and Fifth Circuit authority holding that contractual indemnity claims are 'separate and independent.'" *Id.* at *10 (citing *Roser*, 2003 WL 22174282, at *5; and *Walker*, 142 F.3d at 817); *cf. Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 08-1542, 2008 WL 4453170, at *14-15 (S.D. Tex. Sept. 26,

2008) (internal citations omitted) (insurer's defense and indemnity third party claim was "separate and independent" from plaintiff's claims against the insurer, which fell under the Convention, such that the entire lawsuit was removable).

The Court finds this issue should be resolved in this case as it was resolved in *Lannes*. While ACIC's cross claim against MEL Underwriters is obviously related to Tassin's alleged negligence, in the sense that ACIC's and MEL Underwriters' coverage/reimbursement dispute would not exist without Gautreaux's accident bringing their respective obligations as insurers to the forefront, ACIC's cross claim arises out of a legal wrong that is distinct from any wrong allegedly committed by Tassin; that is, MEL Underwriters' alleged failure to defend Tassin against Gautreaux's claims and its alleged failure to reimburse ACIC for ACIC's defense of those claims, both of which are obligations ACIC contends MEL Underwriters undertook by providing liability insurance to Tassin. As Judge Africk concluded when faced with this situation, this Court concludes that ACIC's cross claim is sufficiently independent of Gautreaux's Jones Act claims to constitute a separate and independent claim for purposes of § 1441(c). *See Lannes*, 2004 WL 2984327, at *9; *Huntsman*, 2008 WL 4453170, at *14-16.

Because ACIC's cross claim is separate and independent of Gautreaux's Jones Act claims for purposes of the 2008 version of § 1441(c), and the parties do not dispute that ACIC's cross claim falls within the Court's federal question jurisdiction, MEL Underwriters' removal of both the cross claim and Gautreaux's Jones Act claims was proper.

### IV.    Gautreaux's Motion to Remand is Denied

Having determined that removal of the entire state court action was procedurally

correct, however, the Court's analysis is not finished. The Court now considers whether Gautreaux's claims against Tassin and ACIC should be severed from ACIC's cross claim allowing the Court to retain jurisdiction over the cross claim but not the claims made by Gautreaux. Gautreaux urges the Court to sever his claims from ACIC's cross claim and remand his claims only. ACIC argues the entire case should remain in federal court. MEL Underwriters removed this action, but does not object to the severance of Gautreaux's claims against Tassin and ACIC and the remand of those claims. Tassin has not offered any position regarding Gautreaux's motion to remand.

Under the 2008 version of 28 U.S.C. § 1441(c), whenever separate and independent claims are joined with otherwise non-removable claims, the district court is afforded discretion to either decide all of the issues or retain jurisdiction over only the federal issues and remand "all matters in which State law predominates."[19] 28 U.S.C. § 1441(c) (2008); *see also Roser*, 2003 WL 22174282, at *6. In this case, the Court finds that state law does not predominate with respect to Gautreaux's claims arising under the Jones Act, the LHWCA, and the general maritime law, nor does state law predominate with respect to Gautreaux's claim that Tassin's vessel was unseaworthy at the time of his accident.

"[F]or remand to be proper [under § 1441(c)], the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; *and* (4) a matter in which state law predominates." *Smith v.*

---

[19] As Gautreaux correctly points out, were the current version of 28 U.S.C. § 1441(c) applicable in this case, the Court would likely be required to sever Gautreaux's non-removable Jones Act claims and remand those severed claims while retaining jurisdiction over only ACIC's cross claim. 28 U.S.C. § 1441(c) (2013). However, as explained above, the current version of the statute does not apply in this case. Under the 2008 version of the statute, the decision whether to remand the otherwise non-removable claims is left to the Court's discretion.

*Amedisys, Inc.*, 298 F.3d 434, 439 (5th Cir. 2002) (emphasis added) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998)). For purposes of §1441(c), issues of state law predominate in a case "[i]f the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission, that it is only an incident or adjunct of the state claim, and that the state claim is the crux of the action." *Miller v. Sexton Sand & Gravel Corp.*, No. 96-315, 1996 WL 909594, at *3 (N.D. Miss. Nov. 15, 1996) (quoting David D. Siegel, Commentary on 1998 and 1990 Revisions of Section 1441, in 28 U.S.C.A. § 1441 (1994)); *see also Huntsman*, 2008 WL 4453170, at *23-24. The Court finds Gautreaux's state law claims do not predominate in this case; instead, those state law claims, which are asserted solely in the alternative, are asserted as more of an afterthought. Gautreaux "supplements all causes of action with Louisiana state law,"[20] but his claims arise primarily under federal law. The LHWCA is a federal statute and claims brought under the "general maritime law," such as a claim for unseaworthiness, are inherently federal. In addition, claims brought under the Jones Act may be brought in either state or federal court, but it is clear from Gautreaux's petition that he intends for federal law to apply to all his claims. State law does not predominate in this case.

Gautreaux has not presented any compelling reason why his claims, all of which arise primarily under federal law, cannot proceed in federal court toward final disposition. *See Roser*, 2003 WL 22174282, at *6 (exercising discretion and refusing to remand); *Huntsman*, 2008 WL 4453170, at *25 (same). Splitting up the pending claims in this case and litigating Gautreaux's claims against Tassin and ACIC separately from ACIC's cross

---

[20] *See* R. Doc. 1-2 at p. 2-3

13

claim is not an efficient use of the resources of this Court, the state court, or the parties.[21] As a result, the Court, in its discretion, will retain jurisdiction over all pending claims, and thus denies Gautreaux's motion to remand.

## CONCLUSION

For all the reasons set forth above, **IT IS ORDERED** that Gautreaux's motion to remand be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that, to the extent Gautreaux's motion may be construed as a motion to sever his claims from ACIC's cross claim, the motion to sever be and hereby is **DENIED.**

To date, ACIC has not filed a motion to compel arbitration of its cross claim against MEL Underwriters,[22] but the Court recognizes the potential conundrum that will arise if ACIC succeeds in such an effort, as the submission of the cross claim to arbitration may result in a stay of Gautreaux's pending claims. *See Todd v. Steamship Mut. Underwriting Ass'n*, 601 F.3d 329, 332 (5th Cir. 2010) (noting the Convention Act incorporates the Federal Arbitration Act provision authorizing a stay of litigation pending arbitration)

---

[21] The Court is sympathetic to Gautreaux's complaint that, after several years of litigation in state court, his case has now been removed to federal court, but the Convention Act makes it very clear that cases arising under the Convention may be removed "at any time before the trial." 9 U.S.C. § 205. Certain issues may have been resolved during this case's pendency in state court, but the fact is that the bulk of Gautreaux's claims still remain pending, and ACIC's cross claim is also pending. This entire case was removable, and there is no reason to remand it at this point. *Lannes*, 2004 WL 2984327, at *11 (a case arising under Convention is removable, even if certain legal issues have been resolved in state court, so long as state court has not resolved all pending issues); *Acosta v. Master Maint. and Constr., Inc.*, 52 F. Supp.2d 699, 705 (M.D. La. 1999) (same). The Court recognizes there are instances in which principles of judicial economy and fairness dictate a partial remand, *see, e.g., Ballard*, 338 F. Supp. 2d at 715 (remanding state law claims to "preserve the plaintiff's choice of forum"); *Davis v. Life Ins. Co. of Miss.*, 700 F. Supp. 323 (N.D. Miss. 1998) (same), but the Court finds this case to be more akin to *Lannes* and *Roser* than *Ballard* or *Davis*, and thus follows Judges Africk and Engelhardt in denying partial remand.

[22] As explained earlier, the parties appear to agree that ACIC's cross claim should be submitted to arbitration, but ACIC has not formally moved to enforce the Osprey Law and Practice arbitration clause and/or to compel MEL Underwriters to allow the cross claim to be submitted to arbitration.

(internal citations omitted).  The Court also recognizes this conundrum could potentially be avoided by retaining jurisdiction only over the cross claim and remanding all other claims.  However, because those other claims are federal claims at their core, the Court believes it does not have discretion to remand the federal claims under the 2008 version of 28 U.S.C. § 1441(c).  That said, the Court will consider a request from any party to certify, for immediate appeal under 28 U.S.C. § 1292(b), the issue of whether the claims asserted by Gautreaux in his state court pleadings, all of which arise primarily under federal law and for which state law does not predominate, should nonetheless be remanded for the sake of judicial economy and in the interest of justice.

**New Orleans, Louisiana, this** \_\_10th\_\_ **day of June, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**